**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GERARDO NAJERA, #807443,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:13-CV-1348-B-BK** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under

28 U.S.C. § 2254.  For the reasons that follow, it is recommended that this successive habeas

petition be transferred to the United States Court of Appeals for the Fifth Circuit.

**I.  BACKGROUND**

In 1997, Petitioner was convicted of aggravated sexual assault and sentenced to 99 years'

imprisonment.  *State v. Najera*, No. F93-42373 (292nd Judicial District Court, Dallas County,

1997), *aff'd*, *Najera v. State*, No. 05-97-01991-CR, 1999 WL 382911 (Tex. App.--Dallas, 1999,

no pet.).  Subsequently, Petitioner unsuccessfully challenged his conviction in state and federal

habeas proceedings.  *Ex parte Najera*, No. WR-49,599-01 (Tex. Crim. App. 2001) (denying state

application); *Ex parte Najera*, No. WR-49,599-02 (Tex. Crim. App.2008) (dismissing state

application as successive); *Najera v. Cockrell*, No. 3:02-CV-0594-BH, 2003 WL 21467597

(N.D. Tex. Apr. 30, 2003) (dismissing federal petition as time barred).

By this action, Petitioner again seeks to contest his conviction for aggravated sexual

assault.  (Doc. 3 at 2).  He asserts counsel rendered ineffective assistance at the plea bargaining

stage by advising Petitioner that "he could not be convicted" and, as a result, Petitioner declined

the prosecutor's two-year plea offer. *Id.* Petitioner relies on *Lafler v. Cooper*, ___ U.S. ___, 132

S. Ct. 1376 (2012), to argue that his ineffective assistance of counsel claim is timely. *Id.* at 9. In

addition, claiming his petition is a "Protective Federal Habeas Corpus" petition, he "requests that

the Court stay this case, pending a ruling on his newly filed state habeas application. (Doc. 5 at

1-2).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances

under which a petitioner may file a second or successive application for federal habeas relief.

*See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the

successive application is based on: (1) a new rule of constitutional law made retroactive to cases

on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and

viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable fact finder would have found him guilty of the offense.

*See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court,

however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must

determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. §

2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction

to consider a successive habeas petition unless the United States Court of Appeals has first

granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774

(5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833,

836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit Court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).[1]

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

SIGNED April 25, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the first section 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam). In addition, contrary to Petitioner's assertion (*see* Doc. 5 at 2), the Fifth Circuit Court of Appeals has denied leave to file based on *Lafler v. Cooper*. *See In Re: Richard M. King, Jr.*, 697 F.3d 1189 (5th Cir. 2012) (per curiam) (holding that the petitioner failed to make a prima facie showing under section 2244(b)(2) because *Missouri v. Frye* and *Lafler v. Cooper* did not announce a new rule of constitutional law, but merely applied the Sixth Amendment right to counsel to a specific factual context); *see also In re Crissup*, No. 12-40939 (5th Cir. Nov. 7, 2012) (unpublished per curiam) (citing *In re King*).

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE